# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURVINDER KAUR SIDHU, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, Seretary ) <br> Department of Homeland Security, ) <br> et al., ) <br> Defendants. ) <br> _____ ) | 1: 07-CV-1188 AWI SMS <br><br> MEMORANDUM OPINION AND <br> ORDER DENYING MOTION TO <br> DISMISS <br><br> (Documents #15 & #18) |

## BACKGROUND

On August 10, 2007, Plaintiff filed a complaint for writ of mandamus and preliminary injunctive relief. Petitioner seeks to compel the United States Citizenship and Immigration Services ("CIS") to take action on his petition for naturalization (Form N-400). The first cause of action requests a writ of mandamus ordering CIS to adjudicate Plaintiff's application for naturalization. The second cause of action requests an injunction compelling Defendants to complete processing of Plaintiff's application for naturalization because Defendants have effectively denied Plaintiff the opportunity to become a citizen of the United States. The third cause of action alleges that CIS's failure to proceed with Plaintiff's application for naturalization in any manner is arbitrary and capricious in violation of the Administrative Procedures Act, 5 U.S.C. §701, et seq. ("APA").

On October 11, 2007, Defendants filed a motion to dismiss for lack of jurisdiction, which was re-noticed on November 9, 2007. Defendants contend that neither the APA nor mandamus

relief provide this court with jurisdiction.  Defendants contend that 8 U.S.C. § 1447(b) provides the court with a specific jurisdictional grant and Plaintiff should not be allowed to circumvent the limitations of 8 U.S.C. § 1447(b) by means of the APA or mandamus.  Defendants contend that Plaintiff has no clear indisputable right to have his interview prior to the completion of his background check, and as such, mandamus relief is not available.  Defendants contend that any delays in rendering a decision on an application can be considered unlawful or unreasonable under the APA because CIS is not required to render a decision within a certain time and the requirement that actions be taken within a reasonable time would require the court to set an arbitrary deadline because no statute provides guidance for what a reasonable time would be.

On November 9, 2007, Plaintiff filed an opposition.  Plaintiff contends that Defendants have a duty to adjudicate Plaintiff's application.  Plaintiff points out that she is not asking the court to deny or grant her application.  Rather, Plaintiff asks the court to compel Defendants to process her case to conclusion.  Plaintiff also contends that under the APA, Defendants must act within a reasonable time and the APA permits the court to compel an agency action that is unreasonably delayed.

**LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction.  It is a fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal

jurisdiction appears from the face of the pleading itself.  Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979);  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).   A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings.  Mortensen, 549 F. 2d at 891.  Here, Defendants have not provided any evidence with their motion.   Thus, the court assumes that Defendants contend this court lacks jurisdiction based on the pleadings.

Defendants also bring this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Rule 12(b)(6) allows the court to dismiss a complaint if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).   A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).   Because the basis of Defendants' motion to dismiss is this court's lack of subject matter jurisdiction rather than Plaintiff's failure to state a claim, the court will focus its inquiry under Rule 12(b)(1).

### ALLEGED FACTS

The complaint alleges that on or about July 11, 2006, Plaintiff filed an application for naturalization (Form N-400) with Defendants.   The complaint alleges that as part of reviewing the application for naturalization, Defendants are required to conduct a background check and interview Plaintiff.   The complaint alleges that following the receipt of Plaintiff's N-400 application, CIS did not notice an interview.   The complaint alleges that throughout 2007, Plaintiff has made several inquiries with Defendants as to the status of her application and Defendants responded to the effect that the application was waiting either some kind of "security clearance" or some kind of "name check" from the Federal Bureau of Investigation ("FBI").   The

complaint alleges that Defendants have never indicated when such FBI checks might be completed and the N-400 application finally adjudicated.   The complaint alleges that Plaintiff is informed and believes that the required "checks" have been pending for over one year and that Defendants have been doing nothing to move the application toward a final decision.   The complaint alleges that Plaintiff has exhausted all her administrative remedies.

The complaint alleges that Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law and regulations.   The complaint alleges that Defendants are in violation of the law and regulations, are unlawfully withholding or unreasonably delaying action on Plaintiff's application, and have failed to carry out the adjudicative and administrative functions delegated to them by law with regard to Plaintiff's application.

## DISCUSSION

**A.  Naturalization Proceedings**

The procedures for processing an application for naturalization are found at 8 C.F.R. § 335.1, *et. seq.*   Title 8 C.F.R. § 335.1 requires the CIS to conduct an investigation of the applicant after he or she files an application for naturalization.   Title 8 C.F.R. § 335.2 provides in pertinent part:

> (a) General. Subsequent to the filing of an application for naturalization, each applicant shall appear in person before a Service officer designated to conduct examinations pursuant to § 332.1 of this chapter. The examination shall be uniform throughout the United States and shall encompass all factors relating to the applicant's eligibility for naturalization. The applicant may request the presence of an attorney or representative who has filed an appearance in accordance with part 292 of this chapter.
>
> (b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. A definitive response that a full criminal background check on an applicant has been completed includes:
>    (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;
>    (2) Confirmation from the Federal Bureau of Investigation that an

4

```
          applicant has an administrative or a criminal record; or
          (3) Confirmation from the Federal Bureau of Investigation that two
          properly prepared fingerprint cards (Form FD-258) have been determined
          unclassifiable for the purpose of conducting a criminal background check
          and have been rejected.
     [Procedures for conducting an examination] . . . .
```

8 C.F.R. § 335.2.

**B.  SECTION 1447**

Defendants contend that this court lacks jurisdiction pursuant to 8 U.S.C. § 1447(b). Section 1447 concerns the remedies available when an applicant is unsatisfied with the CIS's response to a application for naturalization. Section 1447 provides in part:

```
     (a) Request for hearing before immigration officer
          If, after an examination under section 1446 of this title, an application for
          naturalization is denied, the applicant may request a hearing before an
          immigration officer.
     (b) Request for hearing before district court
          If there is a failure to make a determination under section 1446 of this title
          before the end of the 120-day period after the date on which the
          examination is conducted under such section, the applicant may apply to
          the United States district court for the district in which the applicant
          resides for a hearing on the matter. Such court has jurisdiction over the
          matter and may either determine the matter or remand the matter, with
          appropriate instructions, to the Service to determine the matter.
```

8 U.S.C.A. § 1447(a)-(b).

Plaintiff contends that Defendants have unreasonably delayed in adjudicating Plaintiff's application. Plaintiff does not ask the court to adjudicate her application. Plaintiff also does not refer to the expiration of the 120-day time period or anything else that could reasonably be construed as an attempt to invoke jurisdiction under Section 1447(b). Even liberally construing the allegations in the complaint, the court finds that Plaintiff's allegations do not indicate any attempt to invoke jurisdiction under Section 1447(b). Rather, the court finds that subject matter jurisdiction may be founded, if at all, pursuant to the Mandamus Act or the APA. Because jurisdiction over this action cannot be based on Section 1447(b), any claim or cause of action premised on Section 1447 must be dismissed.

**C.  APA**

Under the Administrative Procedures Act, 5 U.S.C. § 706, the court is authorized to "compel agency action unlawfully withheld or unreasonably delayed." The APA does not create subject matter jurisdiction by itself. The court, however, has jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, the APA in conjunction with 28 U.S.C. § 1331, gives the court jurisdiction to compel action from a government agency unlawfully withheld or unreasonably delayed. Idaho Watersheds Project v. Hahn, 307 F.3d 815, 830 (9th Cir. 2002).

Defendants contend that the court lacks jurisdiction to hear Plaintiff's claim under the APA because Plaintiff cannot establish that Defendants have a clear and non-discretionary duty to adjudicate Plaintiff's N-400 application within a certain time period. Plaintiff contends that Defendants are required to adjudicate pending applications within a reasonable time.

The APA provides for judicial review of agency action or inaction:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C.A. § 702. The APA also delineates which actions are reviewable:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704. The APA states that "'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5

U.S.C. § 551(13). Finally, the APA provides that:

> With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.

5 U.S.C.A. § 555(b)

In Norton v. South Utah Wilderness Alliance, 542 U.S. 55 (2004), the Supreme Court held that the APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." Id. at 61. The Supreme Court found that a plaintiff states a claim for relief under Section 706(1) when he or she "asserts that an agency failed to take a discrete agency action that it is required to take." Id. 64. When an agency fails to act, the APA provides relief in the form of empowering a court to compel agency action unlawfully withheld or unreasonably delayed. Id. at 62.[1] Should an agency not proceed as directed by 5 U.S.C. § 555(b), a court may hear a petition for a writ of mandamus compelling an agency to perform an "action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Thus, a plaintiff may invoke subject matter jurisdiction under the APA, if he or she shows that the defendant (1) had a non-discretionary duty to act, and (2) unreasonably delayed in acting on that duty. Norton, 542 U.S. at 63-65.

### 1. *Non-discretionary Duty to Act*

The court agrees with other District Court Judges in the Eastern District of California and finds that CIS has a non-discretionary duty to act on applications before it by processing them. See Houle v. Riding, 2008 WL 223670, at *8 (E.D.Cal. 2008); Liu v. Chertoff, 2007 WL 2023548, at *4 (E.D.Cal. 2007). The duty to act is found at Section 555(b), which requires agency actions be done within a reasonable time. See, e.g., Sherdil v. Chertoff, 2007 WL 4564111, at *2 (D.Ariz. 2007); Sun v. Gonzales, 2007 WL 3548280, at *5 (E.D.Wash. 2007); Saleem v. Keisler, 520 F.Supp.2d 1048, 1055 (W.D.Wis. 2007); Tang v. Chertoff, 493

---

[1] A court, however, may only compel action that is legally required. Norton, 542 U.S. at 63.

7

F.Supp.2d 148, 154 (D.Mass. 2007); Han Cao v. Upchurch, 496 F.Supp.2d 569, 575 (E.D.Pa. 2007); Saleh v. Ridge, 367 F.Supp.2d 508, 511-12 (S.D.N.Y.2005); Duan v. Zamberry, 2007 WL 626116, at *4 (W.D.Pa. 2007).[2]  The Ninth Circuit has confirmed that inaction involves a non-discretionary act because "at some level, the government has a general non-discretionary duty to process the applications in the first instance." Indep. Mining Co., Inc. v. Babbitt, 105 F.3d 502, 507 n.6 (9th Cir. 1997).  Thus, Defendants' delay in adjudicating Plaintiff's application is a non-discretionary act.

The court recognizes that not all courts have found jurisdiction to review the pace at which CIS processes applications.  These courts have focused on the fact that CIS is not required to process a naturalization applications or conduct interviews within a certain time period, the fact that CIS is prohibited from conducting an examination before the background check is complete, and the fact there is no authority compelling the FBI to complete the name check within a specified time period.  Absent specific immigration statutes governing the time period for these events to take place, these courts have found the claims cannot arise under the APA or Mandamus Act.  These courts have found that CIS has no duty to adjudicate a naturalization

---

[2] This view is supported by several courts around the country that have concluded that the court has jurisdiction under the Mandamus Act and/or APA because CIS has a non-discretionary, ministerial duty to adjudicate  naturalization applications within a reasonable time. See, e.g., Hanbali v. Chertoff, 2007 WL 2407232 (W.D.Ky. 2007)  Bodomov v. U.S., 2007 WL 4373052 (E.D.Pa. 2007); Mocano v. Mueller, 2007 WL 2916192 (E.D.Pa. 2007); Shaat v. Klapakas, 2007 WL 2768859 (E.D.Pa. 2007); Ajmal v. Mueller, 2007 WL 2071873 (E.D.Pa. 2007); Song v. Klapakas, 2007 WL 1101283 (E.D.Pa. 2007); Kaplan v. Chertoff, 481 F.Supp.2d 370, 399 (E.D.Pa.2007).  In addition, numerous courts within the Ninth Circuit have found CIS has a statutorily prescribed duty to adjudicate applications within a reasonable time under the APA, although these courts have addressed applications for change in status and not naturalization.  See, e.g., Singh v. Still,  470 F.Supp.2d 1064, 1065 (N.D.Cal. 2007) (I-485 application); Gelfer v. Chertoff, 2007 WL 902382 (N.D.Cal. 2007) (I-485 application);  Lazli v. U.S. Citizenship and Immigration Services, 2007 WL 496351 (D.Or. 2007)  (I-751 petition); Wang v. Gonzalez,  2007 WL 4463009 (N.D.Cal. 2007) (I-485 application); Starodoubtsev v. Mukasey, 2007 WL 4166151 (W.D. Wash. 2007) (I-485 application); Sun v. Gonzales, 2007 WL 3548280 (E.D.Wash. 2007) (I-485 application); Chen v. Heinauer,  2007 WL 2743390 (W.D.Wash. 2007) (I-485 application for adjustment of status); Xin Liu v. Chertoff, 2007 WL 2433337 (E.D.Cal. 2007) (I-485 applications); Abbasfar v. Chertoff, 2007 WL 2409538 (N.D.Cal. 2007) (I-485 application); Liu v. Chertoff,  2007 WL 2023548 (E.D.Cal. 2007 (I-485 application); Wu v. Chertoff, et al., 2007 WL 1223858 (N.D.Cal. 2007).

application within a particular time frame.  Wang v. Gonzales, 2008 WL 45492 (D.Kan. 2008); Omar v. Mueller, 501 F.Supp.2d 636, 640 (D.N.J. 2007); Ibrahim v. Chertoff, – F.Supp.2nd –, 2007 WL 4592246 (E.D.N.C. 2007); Sinha v. Upchurch, 2007 WL 4322225 (N.D.Ohio 2007);. Dairi v. Chertoff, 2007 WL 3232503 (S.D.Cal. 2007);   Alhamedi v. Gonzales, 2007 WL 1573935 (S.D.N.Y. 2007).  These courts have concluded that the manner in which a background investigation is conducted is the type of discretionary function not properly the subject of a mandamus action.  Dairi v. Chertoff, 2007 WL 3232503 (S.D.Cal. 2007).

These cases, and those cited by Defendants[3], for the proposition that the APA does not provide for jurisdiction do not convince this court that it lacks jurisdiction.   For example, in Yarovitskiy v. Hansen, 2007 WL 2301172 (N.D. Ohio 2007), the plaintiff asked the district court to assume jurisdiction over his application for naturalization, to review de novo his application and grant his application for naturalization or, in the alternative, order Defendants to promptly adjudicate the application.   The court found no jurisdiction because neither the APA or mandamus relief is available if Congress has provided an adequate procedure to obtain judicial review of an agency action.  Id. at *4.  The court found that because specific statutory provisions allowed for review of both naturalization denials and delays after the interview, the plaintiff could not circumvent the limitations of Section 1447(b) by means of a more general grant of jurisdiction.  Id.

Here, unlike the plaintiff in Yarovistskiy, Plaintiff is not asking the court to adjudicate her application.   More importantly, while a specific immigration statute does grant review of delays after an interview, no immigration statute provides for review of delays prior to the interview. In this court's opinion, Yarovistskiy, and related cases, do not adequately explain why the APA would not apply prior to the interview because the specific immigrations statutes at issue do not

---

[3] Defendants also cite to Duri v. Hansen, 2007 WL 2908823 (N.D. Ohio 2007).   This opinion was withdrawn and superceded.  Regardless, the issue in Duri was the breath of the examination referred to in 8 U.S.C. § 1447(b).  Duri, 2007 WL 3125303, at *3.  Here, Plaintiff is not contending that the 120 days to adjudicate his application has begun because his examination has been completed.

9

address delays prior to the interview.

In Omar v. Mueller, 501 F.Supp.2d 636 (D.N.J. 2007), the plaintiff filed an application for naturalization, and asserted the court had jurisdiction to compel the Defendants to act on his naturalization application pursuant to the mandamus statute and APA. Id. at 638. As to mandamus jurisdiction, the court found no jurisdiction because there was no statutory or regulatory time period in which CIS must act on an application. Id. at 639-40. Concerning the APA, the court found that because CIS is not required to process a naturalization application within a certain time period, there is no discrete agency action to review. Id. at 640.

The court respectfully disagrees with the reasoning of Omar and related cases. While the court agrees that no immigration statute addresses the pace at which applications are processed, the court believes these courts fail to adequately consider the impact of 8 U.S.C. § 555(b)'s mandate that all agency actions not be unreasonably delayed. This court finds that the better rule permits judicial review of unreasonably delayed applications because CIS has a non-discretionary duty to adjudicate an application. Without APA relief, CIS could withhold a decision indefinitely in contravention of its statutory duty to process these applications. See Okunev v. Chertoff, 2007 WL 2023553, at *2 (N.D.Cal. 2007). While its duty to grant or deny an application is discretionary, CIS simply does not possess unfettered discretion to relegate applicants to a state of "limbo, leaving them to languish there indefinitely." Kaplan, 481 F.Supp.2d at 399.[4] As stated by the Western District of Wisconsin:

> If defendants have an obligation to decide applications but have unfettered discretion to put off deciding an application for as long as they want, how could the duty to decide ever be judicially enforced? Under defendants' view, the answer to that question would be never, except perhaps if they expressly refused to make a decision. So long as defendants say that they are still reviewing the application (or even if they say nothing at all), an applicant must continue to wait indefinitely, no matter how long the delay has been. Such discretion would strip defendants' duty of any meaning . . . .

---

[4] The court notes that the government has conceded in other actions concerning adjustment of status that there is a duty to adjudicate applications. See Singh v. Still, 470 F.Supp.2d 1064, 1067 (N.D.Cal.2007); Gelfer v. Chertoff, 2007 WL 902382, at *2 (N.D.Cal.2007).

10

Saleem v. Keisler, 520 F.Supp.2d 1048, 1055 (W.D.Wis. 2007). Thus, Defendants have a non-discretionary duty to process Plaintiff's application

### 2.   *Unreasonable Delay*

Defendants next argue that even if they have a non-discretionary duty to act, Plaintiff cannot show an unreasonable delay. Defendants argue that Plaintiff is asking the court to arbitrarily set a deadline where none is provided by statute.

The fact no immigration statute provides the pace of adjudication is not dispositive. The APA itself provides the appropriate standard of review ("unreasonable delay"). "Congress enacted the APA to allow an aggrieved person access to the federal courts when agency action has been unreasonably delayed when, as here, no statute defines the pace of adjudication." Houle v. Riding, 2008 WL 223670, *5 (E.D.Cal. 2008). There is a "strong presumption that Congress intends judicial review of administrative action." Helgeson v. Bureau of Indian Affairs, 153 F.3d 1000, 1003 (9th Cir.1998). Defendants cite no authority for the proposition that the reasonableness standard found in the APA is so broad as to provide no guidance to actions taken by CIS. To the contrary, case law provides some guidance. "[C]ourts generally apply the so-called TRAC factors in deciding whether to order relief in claims of agency delay brought under the APA" Independence Min. Co., Inc.. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997). The TRAC factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

Brower v. Evans, 257 F.3d 1058, 1068 (9th Cir. 2001); Independence Min. Co., 105 F.3d at 507 n.7; Telecommunications Research & Action v. F.C.C., 750 F.2d 70, 79-80 (D.C.Cir. 1984).

11

Thus, the court finds that there are meaningful standards for the court to determine whether the delay is reasonable.[5]

While not specifically argued by Defendants, the court notes that some courts have taken a hybrid approach to jurisdiction. While finding no jurisdiction because there is no requirement that CIS act immediately or promptly when adjudicating applications, some courts go on to review the facts and find that the delay in the particular case at hand is not per se unreasonable. See, e.g., Vorontsova v. Chertoff, 2007 WL 3238026, at *3 (D.Mass. 2007); Dairi v. Chertoff, 2007 WL 3232503, at *2 (S.D. Cal. 2007) . In these cases, the courts appear to find that if the delay has been sufficiently unreasonable, jurisdiction is present. The court disagrees with this approach. Once the court determines the facts are not patently frivolous, reviewing the facts to determine if a delay is unreasonable goes to the merits of the case, not whether the court maintains jurisdiction. See Houle v. Riding, 2008 WL 223670, at *7 (E.D.Cal. 2008). The conclusion that one of the factors necessary to obtain relief under APA is missing will result in the court denying the plaintiff's petition, "not because it now realizes that it had no power to be thinking about the case in the first place, but because the plaintiff has not demonstrated an entitlement to this form of extraordinary relief." Ahmed v. Department of Homeland Security, 328 F.3d 383, 387 (7th Cir. 2003) (discussing jurisdiction under the Mandamus Act.) Whether a delay is unreasonable is a fact specific inquiry that is premature at the jurisdiction stage. He v. Chertoff, 2008 WL 36634, at *4 (N.D.Ill. 2008).

### 3. Conclusion

Pursuant to the APA, in conjunction with the federal question statute, the court has jurisdiction to review Plaintiff's contention that her application has not been adjudicated within a reasonable time. Accordingly, the Court has subject matter jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 in conjunction with 5 U.S.C. § 555(b).

---

[5] The court is not finding the delay in this case unreasonable. The court only finds that for the purposes of jurisdiction, there are standards to determine if the delay has been reasonable.

**D. MANDAMUS**

Defendants contend that Plaintiff's claim under the Mandamus Act fails because Plaintiff cannot establish that Defendants have a clear and non-discretionary duty to adjudicate Plaintiff's N-400 application within a certain time period. The Ninth Circuit has found that although the exact interplay between the Mandamus Act and the APA has not been thoroughly examined by the courts, "the Supreme Court has construed a claim seeking mandamus under the MVA, in essence, as one for relief under § 706 of the APA." Independence Min. Co., 105 F.3d at 507 (citing Japan Whaling Ass'n v. American Cetacean Soc'y, 478 U.S. 221, 230 n. 4. (1986)). If the relief sought is essentially the same as the APA, the court can analyze the issues under the APA. See Independence Min. Co., 105 F.3d at 507.

The APA provides a requirement that Defendants process Plaintiff's application within a reasonable time. Thus, jurisdiction is also appropriate under the Mandamus Act.

## ORDER

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1. Defendants' motion to dismiss is DENIED; and
2. Defendants SHALL file an answer to Plaintiffs' complaint within sixty (60) days from this order's date of service.

IT IS SO ORDERED.

**Dated:** February 25, 2008                    /s/ **Anthony W. Ishii**
                                            UNITED STATES DISTRICT JUDGE